## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| deCARLOS FREEMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:12-CV-154 PS |
| vs. | ) |  |
|  | ) |  |
| JASON RAY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

de Carlos Freeman, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983 for illegal search and seizure. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Freeman alleges that his arrest for public intoxication on June 27th, 2011, was without probable cause, and therefore in violation of his Fourth Amendment rights. "Probable cause for an

arrest exists if, at the moment the arrest is made, the facts and circumstances within the officer['s] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense has been committed." *Hughs v. Meyer*, 800 F.2d 967, 969 (7th Cir. 1989). Freeman alleges he was impermissibly arrested and searched on or around 311 Hillside Court, Elkhart, Indiana. Specifically, he states that when approached by Officer Ray he was permissibly on private property visiting a friend. Furthermore, the officer removed him from private property in handcuffs while telling Freeman he was not under arrest. Once off private property Officer Ray administered four separate breathalysers before informing Freeman that the fourth test was over the limit and that he was under arrest for public intoxication. Freeman was then searched and taken to the police station where he remained in jail for several hours before posting bond; however, the public intoxication charge was later dropped. Freeman does not admit to drinking or failing any of the breathalyser tests. Nor does he admit to engaging in any conduct that evening that would justify an observer's belief that a crime was afoot.

Therefore, accepting the complaint as true, and giving Freeman the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, Freeman states a claim against Officer Ray for illegal search and seizure in violation of his Fourth Amendment rights.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Officer Jason Ray in his individual capacity for monetary damages on his Fourth Amendment illegal search and seizure claim;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for Officer Jason Ray to the United States Marshals Service along with a copy of this order, and a copy of the amended

complaint (ECF 7);

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Jason Ray; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Jason Ray respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.[1]

**SO ORDERED**.

ENTERED: June 21, 2012

                                                        s/ Philip P. Simon
                                                      PHILIP P. SIMON, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT

---

[1] N.D. IND. L.R. 10-1(b) exempts answers to *pro se* complaints from the obligation to include a verbatim, paragraph by paragraph recitation of the complaint.